UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――

ANITA SMITH-HENZE,

                Plaintiffs,

           v.

EDWIN GOULD SERVICES FOR CHILDREN
AND FAMILIES, and its OFFICERS, and/or
EMPLOYEES, AUBREY FEATHERSTONE,
GENE SCHMIDT, MYLES WHITENSTEIN,
JONE DOE 1-10 AND JANE DOE 1-10,
Individually, Jointly, Severally, and/or
Alternatively,

                Defendants.

**MEMORANDUM AND ORDER**
No. 06 Civ. 3049 (LBS)

SAND, J.:

Plaintiff Anita Smith-Henze brings this action against Defendants Edwin Gould Services for Children and Families and several of its officers and employees ("Edwin Gould") for disability discrimination and negligent hiring, retention, and supervision of Plaintiff's superior, Aubrey Featherstone. Before this Court is Defendants' motion for summary judgment. For the foregoing reasons, Defendants' motion is granted.

**I.    Background**

Plaintiff was employed by Edwin Gould as Executive Assistant to the Board of Directors beginning in 1973 until her termination in 2004. Plaintiff's job had numerous responsibilities including the following: (1) collaborating with and supervising the

Executive Secretary in preparation of materials for Board of Directors meetings, (2) taking and preparing minutes of Management Team Meetings, (3) coordinating public relations activities with the Executive Director, (4) preparing materials for public relations efforts, (5) representing Edwin Gould during community projects and other public events, (6) maintaining a comprehensive mailing list, database and tracking system for fundraising activities, (7) supervising staff with regards to fundraising projects and activities, (8) coordinating and arranging orientation sessions for new Board Members, and (9) managing the Executive Director's calendar.  ("Job Description: Executive Assistant," Ex. BB Healy Decl.)  Plaintiff worked under the direction of Aubrey Featherstone, the Executive Director of Edwin Gould, from 2001 to 2004.

On November 23, 2003, Plaintiff tripped on a misplaced telephone cord in the Edwin Gould office and injured her knee.  The injury required her to take an extended leave of absence beginning on January 5, 2004, when Edwin Gould concurrently placed her on Worker's Compensation and Family Medical Leave Absence (FMLA).  Defendants' decision to place Plaintiff on concurrent leave was consistent with company policy as laid out in its Personnel Policies Manual.  (Edwin Gould Personnel Policy Manual, Ex. M Healy Decl. at 23.)

Plaintiff's leave continued until September 13, 2004.  Between January 5, 2004 and September 24, 2004, Edwin Gould extended Plaintiff's leave approximately eight different times.[1]  During that time period several significant events occurred.  In February 2004, Plaintiff underwent surgery on her knee and began seeing a

---

[1] Extensions were granted on February 3, March 3, March 24, April 21, May 20, June 10, July 8, and August 3.  (Ex. N Healy Decl.)

psychotherapist for stress, which she claims was caused by a hostile work environment. On March 28, 2004, Plaintiff's FMLA leave expired. She could not return to work at the time. Edwin Gould, however, did not terminate Plaintiff at the expiration of her FMLA leave despite being permitted to do so lawfully. Rather, it continued to inquire into Plaintiff's condition and her anticipated date of return. On April 22, 2004, Edwin Gould advised Plaintiff that her medical and dental coverage terminated effective March 31, 2004, but offered her the opportunity to continue receiving benefits via COBRA.[2] Plaintiff responded by requesting that it reconsider the decision to terminate her medical benefits.

Edwin Gould did reconsider this decision, and in May 2004, without being obligated to do so, resumed payments of Plaintiff's premiums for her individual health insurance coverage for a period of four months. Beyond these accommodations, Plaintiff only sought one additional accommodation from Defendants. Plaintiff sought to be permitted to work from home since she was unable to come into the office.[3] Defendants did not grant this accommodation request. The extensions of leave and additional medical benefits constituted the entirety of the accommodation that Defendants offered to Plaintiff.

On May 4, 2004, Plaintiff filed a complaint with the New York State Division of Human Rights (NYSDHR), charging Defendants with unlawful discriminatory practices. On September 13, 2004, the parties attempted to resolve the matter through the NYSDHR's Alternative Dispute Resolution Program. At mediation, the parties

---

[2] The Consolidated Omnibus Budget Reconciliation Act, or COBRA, among other things, mandates that employers provide certain former employees, retirees, spouses, former spouses, and dependent children with the ability to continue health insurance coverage after leaving employment. 29 U.S.C. §§ 1161–68.
[3] The record does not indicate any accommodation request from Plaintiff that would have enabled her to return to the workplace.

agreed that Plaintiff would resign from Edwin Gould.  However, on October 1, 2004, Plaintiff repudiated this agreement and sought reinstatement.  Edwin Gould refused to reinstate her.

On December 12, 2005, the NYSDHR issued a Determination and Order dismissing Plaintiff's complaint.  The Equal Employment Opportunity Commission adopted the NYSDHR's findings and issued a dismissal and notice of right to sue on February 22, 2006.  On April 20, 2006, Plaintiff filed a complaint in the instant action, asserting claims of age and religious discrimination in violation of New York State's Human Rights Law, and alleging disability discrimination under both New York State's Human Rights Law and the federal Americans with Disabilities Act ("ADA").  Additionally, Plaintiff asserted common law claims of intentional infliction of emotional distress and negligent hiring, retention, and supervision.[4]  The latter claim relates to Defendants' employment of Plaintiff's supervisor, Aubrey Featherstone, who Plaintiff alleges was an intolerant person and who Edwin Gould continued to employ despite allegedly knowing of Featherstone's character.

On December 21, 2006, this Court dismissed Plaintiff's state law claims of age, religious, and disability discrimination and Plaintiff's common law claim of intentional infliction of emotional distress.  We declined, however, to dismiss Plaintiff's disability discrimination claim arising under the ADA and the common law claim of negligent

---

[4] It should be noted that the both the Original Complaint, paragraphs 66–73, and the Amended Complaint, paragraphs 51–57, also set forth a claim for retaliation.  This claim, however, seems to have been jettisoned since neither party has directly addressed this claim in any of the papers submitted to this Court.  A review of the record, however, establishes that Plaintiff's termination was the result of mediation between the parties and that Edwin Gould decided not to reinstate Plaintiff for reasons independent of her filing a complaint with the NYSDHR.  (Schmidt Dep., Ex. U Healy Decl. at 89–95.)  Defendants raised these issues in their recitation of the facts to the Court and Plaintiff failed to refute them.  As Plaintiff has not addressed these facts and does not otherwise allege a material fact that would permit a reasonable juror to find a causal relationship between Plaintiff's termination and her filing a complaint with the NYSDHR, this claim is dismissed.  *See Simeone v. County of Suffolk*, 828 N.Y.S.2d 560, 561 (App. Div. 2007).

hiring, retention, and supervision. We held that although the NYSDHR's decision prevented Plaintiff from relitigating her state law disability discrimination claim, it did not affect Plaintiff's ability to raise a federal law disability discrimination claim. Moreover, we declined to dismiss Plaintiff's claim of negligent hiring, retention, and supervision since disability discrimination under the ADA may serve as an underlying wrong supporting such a claim.

In response to the Court's dismissal of some of her claims, Plaintiff filed an Amended Complaint. Plaintiff's remaining claims are for disability discrimination arising under the ADA and negligent hiring, retention, and supervision under the common law of New York.

**II.     Discussion**

Summary judgment is appropriate when the evidence demonstrates "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A "genuine issue of material fact" exists if the evidence is such that a reasonable jury could find in favor of the non-moving party. *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 69 (2d Cir. 2001). The moving party bears the burden of establishing the absence of a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Courts must "resolve all ambiguities and draw all reasonable inferences in the light most favorable to the party opposing the motion" when ruling on a motion for summary judgment. *Cifarelli v. Vill. of Babylon*, 93 F.3d 47, 51 (2d Cir. 1996).

Plaintiff's ADA claim forms the root of the case before the Court today. Plaintiff alleges that she was subject to discrimination on the basis of her alleged disability in

violation of the ADA by (1) being placed on FMLA leave concurrently with Worker's Compensation leave, (2) having her position and medical benefits allegedly threatened after her FMLA leave expired, and (3) terminating her employment instead of making a reasonable accommodation of her disability. To establish a prima facie case of discrimination under the ADA, a plaintiff must prove the following: (1) the employer is subject to the statue, (2) the employee is disabled within the meaning of the statute, (3) the employee is otherwise qualified to perform the essential functions of her job with or without reasonable accommodation, and (4) the employee suffered an adverse employment action because of her disability. *Werniek v. Federal Reserve Bank*, 91 F.3d 379, 383 (2d Cir. 1996).

Plaintiff claims that she suffered discrimination when Defendants concurrently placed her on FMLA leave and Worker's Compensation leave and when Defendants threatened to discontinue her FMLA benefits. These claims fail because Plaintiff cannot establish that either of these acts was discriminatory in nature. Plaintiff does not contest that Edwin Gould was well within its rights to take these actions and that these actions comported with general company policy. Moreover, the fact that Edwin Gould extended Plaintiff's leave approximately eight times and paid Plaintiff's premiums for her individual health insurance coverage for several months after it was legally required to do so cuts against a claim of discriminatory conduct. Plaintiff's assertion that Edwin Gould could have made a different choice that she would have preferred does not establish discrimination under the ADA.

Plaintiff also claims that Edwin Gould did not make a reasonable accommodation for her disability, instead simply terminating her employment upon her

resignation and not reinstating Plaintiff at her request.  In order to succeed, a plaintiff must prove that an accommodation exists which (1) will effectively allow her to perform the essential functions of her job and (2) is reasonable.  *Borkowski v. Valley Cent. School Dist.,* 63 F.3d 131, 135–36 (2d Cir. 1995).  The burden of proof with regard to the effectiveness prong falls entirely on the plaintiff.  *Keck v. N.Y. State Office of Alcoholism & Substance Abuse Servs.*, 10 F. Supp. 2d 194, 200–01 (N.D.N.Y. 1998).  The burden of proof for the reasonableness prong is allocated more evenly between the parties.  "An initial burden of production is placed upon the plaintiff, but this burden is not a heavy one and requires only that plaintiff identify an effective accommodation, the costs of which, facially, do not clearly exceed the benefits to the plaintiff.  Then, the defendant has the burden of proving with a more refined analysis that the costs are in fact disproportionate to the benefits."  *Id.* (quotation omitted).

  We first address the reasonableness prong.  A review of the record yields no issue of material fact as to whether a reasonable accommodation could have been granted that would have permitted Plaintiff to perform effectively the essential functions of her job.  *See Ryan v. Grae & Rybicki P.C.*, 135 F.3d 867, 869–70 (2d Cir. 1998).  Plaintiff's failure to suggest such an accommodation is grounds for dismissing her complaint.  *Quarry v. Messar*, 14 F. Supp. 2d 437, 444 (S.D.N.Y. 1998).  It is undisputed that Plaintiff's injury prevents her from performing a full workday.  As a result of this limitation, Plaintiff suggests that any accommodation would entail permitting her to work from home instead of performing her duties at the office.  Plaintiff argues that an accommodation of this sort is reasonable because the typing aspects of her job could be completed at her home.

Plaintiff's suggested accommodation does not, however, satisfy her burden. Although Plaintiff can type from home, this accommodation would not permit her to attend Board of Directors meetings, collaborate with or supervise others in person, represent the company when required to do so, or perform other essential duties of her position that require her to be in the office.  (Henze Dep., Ex. G Healy Decl. at 116–118.)  To the extent that many of Plaintiff's duties other than typing require her to be in the office, Plaintiff essentially "asks for an accommodation which defeats her ability to perform a function of her job, namely attendance." *Quarry*, 14 F. Supp. 2d at 445 (quotation omitted).  Courts have generally held that it is generally not reasonable to require an employer to accommodate a request to work outside the workplace, where there is no supervision by superiors or interaction with coworkers.  *Keck*, 10 F. Supp. 2d at 201–202 (citing *Vande Zande v. State of Wis. Dep't of Admin.*, 44 F.3d 538 (7th Cir. 1995)); *Lalla v. Consol. Edison Co. of N.Y.*, No. 00-CV-6260, 2001 WL 456248, at *4 (S.D.N.Y. 2001); *Parker v. Sony Pictures Entm't, Inc.*, 19 F. Supp. 2d 141, 150 (S.D.N.Y. 1998).  Plaintiff has not identified a single Edwin Gould employee who was permitted to work from home and has made no persuasive argument as to why her case is extraordinary in a manner that distinguishes it from the others that have rejected the proposition that a reasonable accommodation includes working at one's home.  *Lalla*, 2001 WL 456248, at *4.

Plaintiff also fails to carry her burden on the effectiveness prong.  As stated above, the accommodation that Plaintiff suggests would not allow her to perform effectively essential functions of her job, including managing the Executive Director's calendar, collaborating with the Executive Director on public relations matters,

collaborating on fundraising activities, traveling to Board and Committee meetings, and taking the Board and Committee meeting minutes.  Plaintiff suggests that Defendants could create a new position that would have only required her to type.  Plaintiff's argument that changing the essential functions of her position constitutes an accommodation that would permit her to perform the essential functions of the position is unavailing.  *See Gilbert v. Frank*, 949 F.2d 637, 644 (2d Cir. 1991) (asserting that "reasonable accommodation does not mean elimination of any of the job's essential functions") (quotation omitted); *Micari v. Trans World Airlines, Inc.*, 43 F. Supp. 2d 275, 281 (E.D.N.Y. 1999).

We now turn to Plaintiff's common law claim.  A requirement of the claim that an employer was negligent in hiring, retaining, or supervising an employee is that the employee be individually liable for a tort or guilty of a claimed wrong.  *Primeau v. Town of Amherst*, 757 N.Y.S.2d 201, 201(App. Div. 2003).  With the dismissal of all underlying causes of action, Plaintiff cannot claim that Featherstone was individually liable for a tort or guilty of a claimed wrong.  Accordingly, Plaintiff's cause of action for negligent hiring, retention, and supervision cannot succeed.

Moreover, Defendants seek to amend their answer pursuant to Fed. R. Civ. P. 15(a) and assert a Worker's Compensation bar as a defense to Plaintiff's negligent hiring, retention, and supervision claim.  Permission to amend is granted as Plaintiff has demonstrated neither bad faith on the part of Defendants nor prejudice to Plaintiff resulting from this amendment.  *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000).  This defense provides yet another reason to dismiss Plaintiff's claim, as it is well-accepted that the "New York Workers' Compensation Law . . .

provides an exclusive remedy for negligence actions by an employee against his/her employer" such that the Worker's Compensation law bars a claim of negligent hiring, retention, and supervision. *E.g.*, *Duran v. Jamaica Hosp.*, 216 F. Supp. 2d 63, 66 (E.D.N.Y. 2002); *Walker v. Weight Watchers Int'l*, 961 F. Supp. 32, 35 (E.D.N.Y. 1997).

For the reasons stated herein, Defendants' motion for summary judgment is granted.

**SO ORDERED.**

Dated: November 19, 2008
New York, NY

_____
U.S.D.J.